**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 27 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILL E. TUCKER, JR.,

      Petitioner - Appellant,

v.

L. E. BRUCE; ATTORNEY
GENERAL OF KANSAS,

      Respondents - Appellees.

No. 02-3061
D.C. No. 01-CV-3109
(D. Kansas)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

      Bill E. Tucker was convicted in 1975 of three counts of unlawful

possession of a firearm after a felony conviction. He did not file a direct appeal.

In May 1997, he filed a state post-conviction action, seeking reversal of these

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

three convictions on the basis of the intervening reversal of an armed robbery conviction, and challenging his sentencing enhancement under the Habitual Criminal Act. The state district court denied relief, the state appeals court affirmed, and the state supreme court denied Mr. Tucker's petition for review. Mr. Tucker then filed two § 2254 petitions in federal district court. These actions were consolidated and subsequently denied as untimely under AEDPA. Mr. Tucker filed a motion for reconsideration or, in the alternative, a motion to proceed *in forma pauperis* on appeal. The district court denied reconsideration and granted the motion to proceed *in forma pauperis*. For the reasons set out below, we dismiss the appeal.

Because Mr. Tucker's convictions came before AEDPA, he had a one year grace period, from April 24, 1996 to April 24 1997, in which to file any petition for relief. This time period is tolled during the pendency of any "properly filed application for state post-conviction or other collateral review." 28 U.S.C. 2254(d)(2). However, Mr. Tucker had no applications for review of the firearm convictions pending during that one year period, and did not file for relief from the firearm possession convictions until May 26, 1997. It was only the convictions for armed aggravated robbery that were the subject of pending motions during the one year grace period. Because he did not challenge the firearm possession convictions until after April 24, 1997, the district court was

correct in dismissing the matter as time-barred.

When a habeas petitioner seeks to initiate an appeal of the dismissal of a habeas petition after April 24, 1996, the right to appeal is governed by the certificate of appealability requirements in 28 U.S.C. § 2253(c). *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue if the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* For the reasons set forth above, Mr. Tucker has not shown that the district court's procedural ruling raises a debatable question.

Accordingly, we **DENY** Mr. Tucker's application for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge